## HOCKING VALLEY RY CO v WYKLE

Ohio Appeals, 4th Dist, Jackson Co
Decided December 23, 1929

Messrs. Wilson & Rector, Columbus, and Willis & Jones, Jackson, for Ry Co.

Messrs. Cowan, Adams, Adams, & Jackson, Columbus, U. S. Hahn and E. E. Eubanks, Jackson, for Wykle.

**MIDDLETON, PJ.**

These instructions were properly refused. Each placed upon the plaintiff the positive and unqualified duty to do a certain thing at a certain time. While there has been some apparent conflict among the courts of this state in the interpretation of the requirements of a person riding as a guest in a motor car operated by another when approaching a railroad crossing, yet since the pronouncement of the Supreme Court in **Railway and Light Co. v Mayers, 93 OS. 304,** it would seem to be definitely settled that the measure of his duty is that of ordinary and reasonable care under the particular circumstances of each case.

In the case of **Railway Co. v Bacon, Admr., 30 OA. 295,** Judge Allread in delivering the opinion of the court said:

(Here follows quotation)

If the rule in the instant case was one of reasonable and ordinary care such degree of care and the things required of the plaintiff were for the jury to determine under the particular circumstances of the case.

The plaintiff was riding on the right side of the automobile on the front seat. The driver was on the left side and a young lady was sitting between the two. The train approached from the left and the automobile was struck from the left. It is in evidence that the plaintiff did look both to the right and left but apparently with more care to the right, but whether that was true or not if he looked to his right for approaching danger from a situation equally if not more dangerous to the approaching automobile than from the left, could he not reasonably have expected the driver to know and observe what might be approaching from the left?

We conclude that these questions were for the jury to determine under the rule of reasonable and ordinary care, and that the trial court could not by the instructions refused impose the unqualified duty as expressed in said instructions upon the plaintiff.

It is further complained that the trial court erred in permitting certain witnesses to state their opinion as to whether or not they could have heard a whistle or the ringing of the bell of the approaching engine if there had been a whistle or such ringing. This evidence was objectionable. The witnesses, however, had fully explained to the jury their ability and opportunity to know of these facts before answering the questions to which objection was made, and the effect of the objectionable answers was not sufficient to justify this court in reversing the judgment.

Mauck and Blosser, JJ., concur.